UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAELA O. KARLE,<br><br>    Plaintiff,<br><br>    v.<br><br>CAPITAL ONE, DISCOVER FINANCIAL<br>SERVICES, CHASE, AND PROGRESSIVE<br>DIRECT INSURANCE COMPANY,<br><br>    Defendants. | Civil Action No. 14-30062-MGM |

## MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT WITH DISCOVER, AND DISCOVER'S OPPOSITION
(Dkt. Nos. 85 and 86)

May 28, 2015

MASTROIANNI, U.S.D.J.

### I. INTRODUCTION

Plaintiff, Michaela Karle ("Karle") asserts she reached a settlement agreement with Defendant Discover Financial ("Discover") for its alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and Massachusetts General Law Chapter 93A ("MASS. GEN. LAWS ch. 93A"). Plaintiff claims that an attorney for Discover, Christopher Somma, accepted her offer to settle the matter for $5,000 via a December 26, 2014 E-mail, thereby creating an enforceable settlement agreement. (Dkt. No. 85, Plaintiff's Motion to Enforce Settlement Agreement ("Pl.'s Mot.") ¶ 9.) Plaintiff asserts that "[both] parties had agreed on all material terms [of the agreement]," and that after Mr. Somma sent his E-mail, the parties' ongoing efforts to achieve a signed formal agreement constituted an attempt to memorialize a settlement that had already been reached. (Id.)

1

On February 17, 2015, Plaintiff filed a Motion to Enforce Settlement Agreement with Discover (Dkt. No. 85), and on March 2, 2015, Discover filed an Opposition to Plaintiff's Motion to Enforce Settlement Agreement. (Dkt. No. 86.) The court denies Plaintiff's Motion to Enforce Settlement Agreement.

## II. DISCUSSION

Plaintiff states that Discover's counsel sent her an E-mail on December 26, 2014, accepting her offer to settle. (Pl.'s Mot. ¶¶ 2-4.) Plaintiff also states both parties had mutually assented to all material terms of their settlement agreement, rendering it enforceable. (Id. at ¶ 9.) Plaintiff argues that "it is manifest from [her] E-mail exchange" with Defendant's attorney that both parties had agreed to all material terms. (Id.) Plaintiff asserts "an enforceable agreement arises when two parties agree through email on the specifics of the settlement, to be bound mutually assent to all material terms, even if those terms are not memorialized in a final writing." (Pl.'s Mot. ¶ 6.) See Basis Tech. Corp. v. Amazon.com, Inc., 878 N.E.2d 952, 961-62 (Mass. App. Ct. 2008). Plaintiff contends that an agreed-upon settlement payment of $5,000 serves as evidence of the fact that both parties had assented to the material terms of the settlement agreement. (Pl.'s Mot. ¶ 9.)

In Massachusetts, an enforceable settlement agreement is created when the parties to be bound "mutually assent to all material terms, even if those terms are not memorialized in a final writing." Hansen v. R.I.'s Only 24 Hour Truck & Auto Plaza, Inc., 962 F. Supp. 2d 311, 314 (D. Mass. 2013.) When material facts are disputed as they relate to the validity or terms of the agreement, a settlement agreement is not enforceable. (Id.) A counteroffer proposing a term materially altering an original offer constitutes a rejection of the offer and cancels any agreement. Kennedy v. JP Morgan Chase Nat. Corp., 2011 WL 1576569, at *2 (D. Mass. 2011). A "material

term" is any "essential and inducing feature of the contract." D'Agostino v. Fed. Ins. Co., 969 F.Supp.2d 116, 130 (D. Mass. 2013).

Here, a settlement agreement between Plaintiff and Discover was never reached. Defendant's counsel merely stated that he was "authorized to accept [Plaintiff's] settlement offer of $5,000," and the acceptance was conditioned upon Plaintiff's assent to "terms and conditions such as non-disparagement and confidentiality as well as a Stipulation to Dismiss with Prejudice, [and]…assent to a Motion to Extend Deadline." (Pl.'s Mot. Ex. 1.) Defendant's acceptance of Plaintiff's settlement offer of $5000 was conditional. (Dkt. No. 87, Defendant's Memorandum of Law in Support of its Opposition to Plaintiff's Motion to Enforce Settlement ("Def.'s Mem.") 8.)

Defendant's December 26, 2014 E-mail was not an acceptance of Plaintiff's offer, rather, it constituted a counteroffer because it added material terms to the settlement agreement.[1] See Kennedy, 2011 WL 1576569, at *2.

## IV. CONCLUSION

For these reasons, the court DENIES Plaintiff's Motion to Enforce Settlement. (Dkt. No. 85.)

It is So Ordered.

   /s/ Mark G. Mastroianni   
MARK G. MASTROIANNI
United States District Judge

---

[1] The court observes Plaintiff could have agreed to Defendant's conditions contained in the December 26, 2014 E-mail. (Def.'s Mem., 9.) However, Plaintiff instead sent another E-mail on January 8, 2015, again changing the material terms of the settlement agreement. (Def.'s Mem., Ex. 4.) See Confederate Motors, Inc, 831 F. Supp. 2d at 420-21.

3